■ YEU JIN BAIK, Respondent-Appellant, v MIGUEL ENRIQUEZ et al., Appellants-Respondents. [2 NYS3d 216]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (James J. Golia, J.), entered April 5, 2013, as denied that branch of their motion which was for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d), and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as granted those branches of the defendants' motion which were for summary judgment dismissing so much of the complaint as alleged that she sustained serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and those branches of the defendants' motion which were for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) are denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury under that category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Since the defendants failed to meet their prima facie burden with respect to the 90/180-day category of serious injury, it is unnecessary to consider the plaintiff's opposing papers in

this regard (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine and to the plaintiff's left knee did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). In opposition, however, the plaintiff raised triable issues of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine and to her left knee (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Thus, the Supreme Court erred in granting those branches of the defendants' motion which were for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d). Rivera, J.P., Hall, Austin, Miller and Maltese, JJ., concur.